IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ASHLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SAN MATEO-FOSTER CITY SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 15-863 CW<br><br>ORDER GRANTING MOTION TO APPROVE MINOR'S COMPROMISE |

　　Minor Plaintiff T.A.-G., through his guardian ad litem Lisa Ashley, requests approval of a compromise of his claims against San Mateo-Foster City School District (SMFCSD), Telmo Vasquez, Sheila Spieller, Varina Williams, Donna Lewis, Cynthia Simms and Does 1 through 30.  Docket No. 64.  The motion is unopposed, and the Court finds the motion appropriate for determination without oral argument.  Civil L.R. 7-1(b).  Having considered the papers filed by Plaintiff, the Court GRANTS the motion.

BACKGROUND

　　T.A.-G., through his guardian ad litem Ashley and his parents Ashley and Elie Goldstein, initiated this lawsuit on February 25, 2015.  In the complaint, Plaintiffs allege that Defendant Telmo Vasquez, while acting as T.A.-G.'s fourth grade teacher, physically, psychologically and verbally abused T.A.-G. on multiple occasions in late 2013 and early 2014.  Plaintiffs allege that Vasquez' abuse was a result of T.A.-G.'s diagnosed Asperger's Syndrome.  Plaintiffs represent that T.A.-G. was diagnosed with

post-traumatic stress disorder subsequent to the alleged abuse, for which he requires psychological therapy and medication, and that his doctors have recommended he attend private school with small class sizes. Plaintiffs brought claims against Vasquez and SMFCSD officials under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, and against SMFCSD for violations of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

On May 27, 2015, after SMFCSD agreed to waive its Eleventh Amendment immunity, Plaintiffs filed an amended complaint incorporating state law claims for violation of civil rights, battery, intentional infliction of emotional distress, negligence, negligent supervision, violation of mandatory reporting duty, violation of the Unruh Civil Rights Act, and discrimination in violation of the education code. Docket No. 14.

In a mediation session on June 27, 2016, the parties reached a settlement, conditional on approval by the SMFCSD school board and SMFCSD's Joint Powers Authority. The school board subsequently approved the settlement. The parties have not informed the Court that the Joint Powers Authority has made its decision. Because the Joint Powers Authority's approval or disapproval of the settlement will not affect its fairness or the degree to which it is in T.A.-G.'s best interest, the Court need not wait for the Joint Powers Authority's decision before ruling on the instant motion.

The instant motion for approval of a minor's compromise was filed on August 30, 2016. The papers represent that SMFCSD has

2

agreed to pay a total of $437,500 to Plaintiffs to settle their claims against all Defendants.  Of this amount, $109,375, or twenty-five percent, will be paid to Plaintiffs' attorneys as fees, along with an additional $16,958.49 as costs for an expert psychologist, mediation fees, filing, postage, copying, travel, and legal research.  In addition, $43,540 will be paid to T.A.-G.'s parents as costs for tuition at a private school, a special education advocate, psychotherapy, and tutoring, and $3,000 will be paid to a separate law firm as fees for drafting T.A.-G.'s minor's trust.  Thus, T.A.-G.'s net recovery under the settlement will be $264,626.51.

## LEGAL STANDARD

The Ninth Circuit has stated, "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has directed that, in conducting this inquiry in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor

3

plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard."  Id. at 1181-82 (citing Dacanay, 573 F.2d at 1078).

While the Ninth Circuit has not expressed a view as to the proper approach for courts to use when approving settlement of a minor's claims arising under state law, see id. at 1179 n.2, and T.A.-G. brought claims under both federal and state law, the Court applies the same standard to settlement of all of his claims.

## DISCUSSION

T.A.-G., through his guardian ad litem Ashley, has agreed to settle his claims against Defendants in exchange for $264,626.51. By providing T.A.-G. with this sum immediately, in the form of a blocked account, the settlement will enable T.A.-G. to continue to receive medical and psychological treatment and tutoring services, and to attend private school.  In addition, settlement avoids the risk inherent in further litigation and the harm T.A.-G. could suffer through the potential stress of discovery procedures or testifying at trial.

In his motion, T.A.-G. identifies several factually similar cases involving civil rights or tort claims based on the alleged abuse of minor students with disabilities.  For example, in Brooks v. Fresno Unified Sch. Dist., No. 1:15-00673 WBS BAM, 2015 WL 9304862, (E.D. Cal.), the court approved a settlement of the minor plaintiff's claims, for net recovery to the minor plaintiff of $303,000, in a case where her elementary school special-needs teacher had placed her in a cage-like enclosure for extended

4

periods without justification, resulting in post-traumatic stress disorder.  Similarly, in Gonzalez v. Antioch Unified School Dist., No. 3:15-cv-04820-EDL (N.D. Cal. Aug. 4, 2016), the court approved net recovery to the minor plaintiff of $85,779.99 in a case where a behavioral therapist for a first-grader with autism allegedly physically abused him while forcibly removing him from class.  T.A.-G.'s net recovery is similar to that of the minor plaintiff in Brooks, who was also diagnosed with post-traumatic stress disorder, and it exceeds the net amount recovered by the minor plaintiff in Gonzalez, who was also allegedly physically abused.

Upon review of the papers submitted, the Court finds the net recovery to T.A.-G. to be reasonable and the settlement to be in the best interest of T.A.-G.  The Court grants Plaintiff's motion.

CONCLUSION

Based on the foregoing, Plaintiff's request for approval of a minor's compromise is GRANTED (Docket No. 64).  The Court will sign and e-file separately Plaintiffs' proposed Order Granting Plaintiff T.A.-G.'s Motion for Order Approving Settlement of Minor Plaintiff T.A.-G.'s Claims.  The Clerk shall enter a ninety day conditional dismissal.

IT IS SO ORDERED.

Dated: September 22, 2016

CLAUDIA WILKEN
United States District Judge